**United States District Court**

For the Northern District of California

1

2

3

4

5

6  IN THE UNITED STATES DISTRICT COURT

7

8  FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10  DAVID J. GUENTHER, d/b/a J. DAVID'S            No. C 09-01106 WHA
    CUSTOM CLOTHIERS, on behalf of
11  himself and all others similarly situated,

12          Plaintiff,                            **ORDER ON MOTION
                                                  TO REMAND**
13      v.

14  CROSSCHECK INC., a California
    Corporation; UNITED BANK CARD,
15  INC., a New Jersey Corporation; and
    DOES 1 through 200, inclusive,
16

17          Defendants.
                                        /
18

19                              **INTRODUCTION**

20          Plaintiff filed this proposed class action in Sonoma County Superior Court.  Plaintiff

21  alleges that he was fraudulently enrolled in defendant Crosscheck Inc.'s check-verification

22  service without his knowledge and was then forced to pay termination fees and penalties to

23  extricate himself.  Defendants removed the action to federal court, and plaintiff now moves to

24  remand seeking enforcement of a forum-selection clause.  For the reasons stated below,

25  plaintiff's motion to remand is **GRANTED**.

26                               **STATEMENT**

27          In this proposed class action, plaintiff David Guenther, d/b/a David's Custom Clothier,

28  alleges that he was fraudulently enrolled as a subscriber in defendant Crosscheck Inc.'s check-
    verification service without his knowledge when he enrolled in co-defendant United Bank Card,

United States District Court

For the Northern District of California

1   Inc.'s credit-card authorization service.  The two defendants have a partnership whereby they

2   combined their credit-card and check-authorization services.  Plaintiff alleges that, when he

3   discovered and attempted to cancel the undesired service, he was assessed "termination"

4   penalties and fees.  He filed suit in Sonoma County Superior Court on January 22, 2009, and

5   filed an amended complaint soon thereafter.  The amended complaint asserts claims on behalf

6   of a putative nationwide class for (1) unjust enrichment, (2) money had and received, (3) fraud

7   by concealment, (4) unfair business practices, and (5) RICO violations.

8          On March 14, 2009, defendants removed the case to federal court on the basis of

9   diversity jurisdiction under the Class Action Fairness Act as well as federal-question

10  jurisdiction.  Plaintiff now moves to remand the case to state court.  Plaintiff seeks enforcement

11  of a forum-selection clause included in the contract plaintiff signed with defendant UBC for

12  credit-card authorization service.  The clause states the following (Br. Exh. A; emphasis added):

> XII. *VENUE*:  THIS AGREEMENT SHALL BE GOVERNED
> BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS
> OF THE STATE OF CALIFORNIA.  ***THE PARTIES AGREE
> THAT ANY ACTION ARISING OUT OF THE
> NEGOTIATION, EXECUTION OR PERFORMANCE OF
> THE TERMS AND CONDITIONS OF THIS AGREEMENT
> SHALL BE BROUGHT IN THE COURTS OF SONOMA
> COUNTY, CALIFORNIA***.  YOUR STORE(S) AGREES THAT
> THIS AGREEMENT WAS FORMED IN SONOMA COUNTY,
> CALIFORNIA UPON ACCEPTANCE BY AN OFFICER OF
> CHECK CENTER.

19         Plaintiff contends that the emphasized portion of this clause is a mandatory and

20  enforceable forum-selection clause requiring that this case be litigated in the Sonoma County

21  Superior Court.

22                                          **ANALYSIS**

23         "A contractual forum selection clause is prima facie valid and should be enforced unless

24  enforcement is shown by the resisting party to be 'unreasonable' under the circumstances," for

25  example, due to "fraud or undue influence underlying the forum selection clause." *Docksider,*

26  *Ltd. v. Sea Technology, Ltd.*, 875 F.2d 762 (9th Cir. 1989).  Where such a clause selects state

27

28

court as the appropriate forum and is mandatory rather than permissive, remand is required in
order to enforce the clause. *Ibid.*[1]

Defendants make no allegation of fraud or undue influence nor otherwise challenge the
enforceability of the forum-selection clause. Indeed, the forum-selection clause was included in
the "terms and conditions" of defend UBC's own standard-form contract. This motion therefore
concerns only the proper interpretation and scope of the clause. Plaintiff contends that the
forum-selection clause is mandatory and that defendants have contracted away their removal
rights. Defendants, in turn, contend that the clause (although mandatory as to place of initial
filing) is permissive *as to removal*.

The parties' forum-selection clause governs "venue" and specifies that "any action"
arising from the contract "shall be brought" in the courts of Sonoma County, California. This
language is mandatory: the plain language of the clause requires litigation in the state courts of
Sonoma County. Decisions regarding similarly worded forum-selection clauses confirm as
much. *Air Ion Devices v. Air Ion*, 2002 WL 1482665 (N.D. Cal. 2002) (Illston, J.), for example,
addressed the following virtually indistinguishable forum-selection clause:

> In the event AI has failed to meet its obligations under this
> agreement . . . then the parties agree that any action commenced
> by AID to enforce its rights against AI *shall be brought in the
> County of Marin, State of California . . . .*

Id. at *2 (emphasis added). Just like here, the clause stated that any action "shall" be "brought"
in a particular state court. Judge Illston ruled that the clause was mandatory and required
remand so that the action could be litigated in the specified state court.

Similarly, in *Docksider v. Sea Technology*, the Ninth Circuit ruled that the following
forum-selection clause was mandatory rather than permissive (albeit in a motion to dismiss
rather than to remand):

> Licensee hereby agrees and consents to the jurisdiction of the
> courts of the State of Virginia. *Venue of any action brought
> hereunder shall be deemed* to be in Gloucester County, Virginia.

---

[1] Unless otherwise noted, all internal quotations and citations are omitted from authority cited by this
order.

3

1  875 F.2d 762, 763 (9th Cir. 1989) (emphasis added).  The decision explained, "[t]his language

2  requires enforcement . . . .  This mandatory language makes clear that venue, the place of suit,

3  lies exclusively in the designated county."  Like here, the clause at issue in *Docksider* governed

4  "venue" and provided that any action "brought" under the contract "shall" be in the courts of a

5  particular county.  Defendants' arguments in support of a different interpretation in this case are

6  unpersuasive.

7                                          *                    *                    *

8          *First*, defendants focus on the forum-selection clause's use of the word "brought."  They

9  argue that the clause required only that plaintiffs had initially *filed* their claim in state court but

10  not that the action *remain — i.e.*, actually be litigated — in state court.  They argue, in other

11  words, that the clause may have been mandatory with respect to the place of initial filing but

12  was (and is) permissive *as to removal*.  Although defendants offer an impressive volume of

13  citations, none supports this interpretation of the clause.

14          Defendants rely on *Hunt Wesson Foods. v. Supreme Oil Company*, 817 F.2d 75 (9th

15  Cir.1987).  That decision ruled that the following contract language was permissive rather than

16  mandatory and thus did not require remand:  "[t]he courts of California, County of Orange, shall

17  have jurisdiction over the parties in any action at law relating to the subject matter or the

18  interpretation of this contract."  *Id*. at 76.  The decision explained that this clause contained no

19  language rendering a particular forum *exclusive* and thus did not preclude jurisdiction in courts

20  *other* than those of Orange County.

21          The clause in *Hunt Wesson* did not utilize the word "brought."  Here, defendants

22  nevertheless contend, "brought" should be interpreted narrowly — to refer only to the place of

23  initial filing — because the clause contains no mandatory or exclusive language *as to removal*.

24  In rejecting remand, however, *Hunt Wesson* distinguished a prior decision that had ordered

25  remand based on the following language:  "any dispute . . . *shall be brought* in either San Diego

26  or Los Angeles County."  *Hunt Wesson*, 817 F.2d at 77 (emphasis added).  There, *Hunt Wesson*

27  explained, "it [was] clear that the language mandate[d] more than that a particular court has

28  jurisdiction.  *The language mandate[d] that the designated courts [were] the only ones which*

United States District Court

For the Northern District of California

4

United States District Court

For the Northern District of California

1    *ha[d] jurisdiction.*"  *Id*. at 77–78 (emphasis added).  Defendants own authority (binding here)

2    therefore rejected its interpretation of the word "brought."

3          Defendants also rely on *Northern California District Council of Laborers v.*

4    *Pittsburg-Des Moines Steel Company*, 69 F.3d 1034 (9th Cir. 1995).  That decision concerned

5    the following forum-selection clause:

6                [a] decision of the Board of Adjustment ... or the decision of a
             permanent arbitrator shall be enforceable by a petition to confirm
7             an arbitration award filed in the Superior Court of the City and
             County of San Francisco, State of California.
8
     *Id*. at 1036.  It ruled (relying on *Hunt Wesson*) that this language was permissive rather than
9
     mandatory, explaining that "[a]lthough the word 'shall' is a mandatory term, here it mandates
10
     nothing more than that the Orange County courts have jurisdiction."  *Ibid*.  The clause at issue
11
     in *Pittsburg-Des Moines Steel*, however, did not state that the action had to be "brought" in any
12
     particular forum.  In fact, the decision actually hurts defendants' cause.  It emphasized that the
13
     clause at issue "d[id] not contain additional language such as '*venue ... shall be deemed to be in*
14
     *Gloucester County*,' which, in *Docksider*, designated the state court as the exclusive forum."
15
     *Id*. at 1037 (emphasis added).  Here, in contrast, the *title* of the contract provision at issue is
16
     "VENUE," and the clause proceeds direct the parties to Sonoma County.
17
           Next, defendants cite *Green v. Moore*, 2006 WL 1638282 (W.D. Wash. 2006).  That
18
     decision addressed a forum-selection clause that stated:  "[a]ny lawsuit arising from this
19
     Agreement must be filed in Whatcom County Superior Court, Bellingham, Washington, USA."
20
     *Id*. at *1 (emphasis added).  The decision evidently relied heavily on the word "filed."  It
21
     explained, "[a]ccording to its plain language, the clause requires only filing, not litigation, in
22
     Whatcom County."  *Id*. at *2.  It proceeded, however, to contrast *Docksider* (among other
23
     decisions):
24
                [i]f plaintiff had intended for Whatcom County to have exclusive
25            jurisdiction, he could have included that language in the
             Agreement.  *See, e.g., . . . Docksider, Ltd. v. Sea Tech., Ltd.*, 875
26            F.2d 762, 764 (9th Cir.1989) (finding clause mandatory in stating
             that "venue of any action brought hereunder shall be deemed to be
27            in Gloucester County, Virginia")

28

5

**United States District Court**

For the Northern District of California

1    Here, like *Docksider*, the clause specifies "VENUE" and states that any action "shall" be

2    "brought" in Sonoma County.  To interpret the clause as defendants propose would be to read

3    the word "venue" out of the provision.

4          Finally, defendants cite *Project Development Group v. Sonoma County Junior College*

5    *District*, 2007 WL 2518034 (N.D. Cal. 2007) (Alsup, J.), but that decision addressed an entirely

6    different forum-selection clause that expressly referred to "the appropriate state *or federal* court

7    located in Sonoma County."  Indeed, *Project Development Group* expressly contrasted *Air Ion*

8    (quoted above), which ordered remand based on a clause that (like here) provided that any

9    action "shall" be "brought" in state court.  2002 WL 1482665, at *2.  In short, the law in this

10   circuit forecloses defendants' argument that the word "brought" requires only that an action be

11   *initially filed* in a particular forum but not that it *remain* or actually be litigated in that forum —

12   particularly where (as here) the clause also specifies "venue."[2]

13                          *          *          *

14         *Second*, defendants focus on the forum-selection clause's use of the word "court<u>s</u>" and

15   argue that the plural form of that word must refer both to state *and* federal courts.  Under this

16   interpretation, even if the clause is mandatory it would permit litigation in either the state or

17   federal court encompassing Sonoma County.  Again, the authority is to the contrary.

18         The clause here at issue requires that any action be brought in the "courts *of* Sonoma

19   County, California."  The Northern District of California is not a court "of" Sonoma County,

20   California.  As a Fifth Circuit decision explained in rejecting a similar argument:  "[f]ederal

21   district courts may be *in* Texas, but they are not *of* Texas.  Black's Law Dictionary defines 'of'

22

23   _____

24         [2] Defendants offer yet further citations — they reference the Rutter Guide and two decisions cited therein.  The first is *Pelleport Investors, Inc. v. Budco Quality Theatres*, Inc., 741 F.2d 273 (9th Cir. 1984), a decision that *did* require remand (finding a clause to contain mandatory language), and the second is *Dixon v.*

25   *TSE Intern. Inc.*, 330 F.3d 396 (5th Cir. 2003), another decision that *did* require remand based on the following contract language:  "The Courts of Texas, U.S.A., shall have jurisdiction over all controversies with respect to

26   the execution, interpretation or performance of this Agreement, and the parties waive any other venue . . . ." Finally, defendants cite *John's Insulation v. Siska Construction*, 671 F. Supp. 289 (S.D.N.Y. 1987), which

27   ordered remand based on the following clause:  "any action hereunder shall be commenced in the Supreme Court of the State of New York."  The clause there at issue, however, referred to where an action was

28   "commence" rather than "brought;" the clause (unlike here) did not specify "venue" (and distinguished a decision that had); and in all respects could not trump the above-cited Ninth Circuit law.

United States District Court

For the Northern District of California

1    as 'denoting that from which anything proceeds; indicating origin, source, descent' . . . ."

2    *Dixon v. TSE Intern. Inc.*, 330 F.3d 396, 398 (5th Cir. 2003) (emphasis in original).

3          In support of its interpretation of the plural "courts," defendants cite *Project*

4    *Development Group*, 2007 WL 2518034, but as explained, that decision concerned an entirely

5    different forum-selection clause that expressly referred to "the appropriate state *or federal* court

6    located in Sonoma County."  It was not a case (like here) where the clause directed the parties

7    (only) to the state courts "of" a particular county.[3]  Defendants also cite *Merrell v. Renier*, 2006

8    WL 1587414 (W.D. Wash. 2006), but again, that decision (unlike here) addressed a clause that

9    could be interpreted specifically to provide for federal or state court:  "venue . . . will reside in

10   the *United States and* in the county of residence of the non-breaching party."  Here, in contrast,

11   the clause allows suit only in the courts "of" Sonoma County.  This order rejects defendants'

12   expansive interpretation of the plural "courts."

13                              *            *            *

14          *Third*, defendants argue that "plaintiff cannot attempt to enforce a forum selection clause

15   in a contract he claims does not exist."  Defendants contend that the crux of plaintiff's unjust-

16   enrichment claim is that no valid contract existed between him and defendant CrossCheck (just

17   between him and defendant United Bank Card).  Defendants cite authority indicating that "[t]he

18   settled rule is that one who would rescind for fraud or other reason cannot cling to the portion of

19   the deal he deems favorable and reject the balance.  He must rescind the contract as a whole or

20   not at all."  *Int'l Marble and Granite of Colo. v. Congress Financial Corp.*, 465 F. Supp. 2d

21   993, 1004 (C.D. Cal. 2006) (citation omitted).  Moreover, defendants contend, unjust-

22   enrichment claims generally require that no valid contract actually authorized the conduct

23   underlying the alleged unjust enrichment — otherwise the enrichment would not be unjust.

24          Plaintiff's unjust-enrichment claim, however, does not prevent enforcement of the

25   forum-selection clause.  Plaintiff does not seek rescission or repudiation of the contract.  The

26

27          [3] *Project Development Group* addressed whether the Northern District is "located in" Sonoma County
     given that there was no federal courthouse physically located there.  It ruled that the Northern District *was* an
     appropriate court because it was the federal judicial district covering Sonoma.  The decision was not confronted
28   with the question here at issue because it interpreted a clause expressly including the parties to state *or* federal
     court in Sonoma County, not just the courts "of" Sonoma County.

United States District Court

For the Northern District of California

1    portions of the complaint defendants emphasize do not claim that the contract is invalid but

2    instead simply allege (for example) that defendants engaged in fraud or unfair business

3    practices by "surreptitiously signing their customers up for defendant UBC's check

4    authorization service" and taking money for it (or its termination) without disclosure.

5          True, plaintiff's theory must be that there was no valid contract with CrossCheck for the

6    (unwanted) check-authorization service and ensuing termination fees, and/or that plaintiff was

7    fraudulently induced to enter a contract for the service, but such a claim does not render the

8    forum-selection clause un-enforceable.  Plaintiff's theory, in effect, is that although plaintiff *did*

9    contract with UBC for credit-card authorization service, the contract did not allow defendants to

10   take his money for CrossCheck's different, undisclosed and unwanted check-verification

11   service.  When defendants did so they committed torts and other violations and thereby were

12   unjustly enriched.  As a decision of this district explained,

13             the Ninth Circuit has found that forum selection clauses can be
             equally applied to contractual and tort causes of action where
14           resolution of the tort claims relates to the interpretation of the
             contract. *See Manetti-Farrow, Inc. v. Gucci America*, 858 F.2d
15           509, 514 (9th Cir. 1988).

16   *Graham Technology Solutions v. Thinking Pictures*, 949 F. Supp. 1427, 1432–33 (N.D. Cal.

17   1997).  The forum-selection clause is enforceable.

18                    *          *          *

19          *Fourth*, defendants contend that the policy or spirit behind the Class Action Fairness Act

20   supports removal.  CAFA gave federal courts "original" jurisdiction over class actions that

21   satisfy certain criteria, but it did not give federal courts *exclusive* jurisdiction over this action.

22   *See* 28 U.S.C. 1332(d).  Defendants cite legislative history suggesting that Congress generally

23   wanted to channel interstate class actions to federal court.  Although CAFA may otherwise

24   afford this Court jurisdiction, however, CAFA does not trump a valid, enforceable and

25   mandatory forum-selection clause by which parties agreed to litigate in state court — at least,

26   defendants cite no provision so providing nor any authority so suggesting.  It is often the case

27   that federal courts have jurisdiction yet decline to exercise it in the face of a valid forum-

28   selection clause.

**United States District Court**
For the Northern District of California

1   Finally, insofar as any lingering ambiguity remains about the proper interpretation of the

2   forum-selection clause (a doubtful proposition), the Ninth Circuit has repeatedly emphasized

3   that "where language is ambiguous the court should construe the language against the drafter of

4   the contract" — including in forum-selection clauses. *Hunt Wesson*, 817 F.2d at 78.  Here,

5   defendants drafted the forum-selection clause:  it was included in defendant UBC's own

6   "Standard Guarantee Terms and Conditions."  Thus, any ambiguity that persists regarding the

7   clause must be construed against defendants, *i.e.*, in favor of remand.  For all of these reasons,

8   the parties' forum-selection clause requires remand.

9                                      **CONCLUSION**

10   For all of the above-stated reasons, plaintiff's motion to remand is **GRANTED**.  Despite

11   the fact that Attorney Wells did an excellent job and made the most of what material she had to

12   work with, the case law is decidedly against the position of her client.

13

14   **IT IS SO ORDERED**.

15

16   Dated:  April 30, 2009.

17                                              WILLIAM ALSUP
                                               UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28

9